Gomez-Palchazaca v. Blanche

BIA
Chung, IJ
A246 159 365/372

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day April, two thousand twenty-six.

PRESENT:
> JOSEPH F. BIANCO,
> MICHAEL H. PARK,
> BETH ROBINSON,
> > *Circuit Judges.*

_____

MARIA GOMEZ-PALCHAZACA, D. S.-G.,
> *Petitioners*,

v.                                                          **24-497**
                                                            **NAC**

TODD BLANCHE, ACTING UNITED STATES ATTORNEY GENERAL,
> *Respondent.**

_____

_____

* The Clerk of Court is respectfully directed to amend the caption as set forth above.

FOR PETITIONERS: Reuben S. Kerben, Kerben Law Firm, P.C., Kew Gardens, New York.

FOR RESPONDENT: Brian M. Boynton, Principal Deputy Assistant Attorney General; Holly M. Smith, Assistant Director; Christin M. Whitacre, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Maria Gomez-Palchazaca and her minor child, natives and citizens of Ecuador, seek review of a January 31, 2024 decision of the BIA affirming a September 1, 2023 decision of an Immigration Judge ("IJ"), which denied Gomez-Palchazaca's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gomez-Palchazaca*, Nos. A 246 159 365/372 (B.I.A. Jan. 31, 2024), *aff'g* Nos. A 246 159 365/372 (Immigr. Ct. N.Y. City Sept. 1, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan*

*Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's nexus determination for substantial evidence. *See Edimo-Doualla v. Gonzales*, 464 F.3d 276, 281–83 (2d Cir. 2006). Under the substantial evidence standard, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Urias-Orellana v. Bondi*, 146 S. Ct. 845, 851–53 (2026).

An applicant for asylum and withholding of removal has the burden to establish past persecution or a well-founded fear of future persecution, and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (holding that the "one central reason" standard applies to both asylum and withholding of removal). "A protected ground cannot be incidental or tangential to another reason for harm." *Quituizaca*, 52 F.4th at 114–15 (quotation marks omitted); *see also Garcia-Aranda v. Garland*, 53 F.4th 752, 757 (2d Cir. 2022) (holding that "where there is more than one motive for mistreatment . . ., an applicant's status as a member of a particular social group still must be at least one of the central reasons,

3

rather than a minor reason, for why that individual is being targeted").

In this case, substantial evidence supports the IJ's conclusion that Gomez-Palchazaca's indigenous race was not a central reason that her employer abused her. She testified that poverty forced her family to work on a plantation, and that the local police feared the plantation owner due to his social status. She did not testify about the treatment of other workers on the plantation or establish that the workers were exclusively indigenous. On this record, a reasonable adjudicator could conclude that—in addition to criminal intent—the plantation owner's position of power, and power over Gomez-Palchazaca specifically, were the primary reasons he felt free to abuse her, and her race was merely incidental. *See Quituizaca*, 52 F.4th at 114–15. Though Gomez-Palchazaca testified that the plantation owner used a racially charged insult during a beating when she was 12 years old, this alone is insufficient to establish that racial animus was a central motive for the abuse. *See Garcia-Aranda*, 53 F.4th at 757; *see also Fawzer v. Whitaker*, 755 F. App'x 72, 74 (2d Cir. 2018) (summary order) ("[W]e cannot accept that any use of an ethnic slur perforce renders ethnicity the motivation for any concomitant infliction of harm." (quotation marks omitted)). Thus, the record, as a whole, does not compel a conclusion contrary to the IJ's. *See Quintanilla-Mejia v. Garland*,

3 F.4th 569, 592 (2d Cir. 2021) ("Because the agency's conclusion finds support in record evidence, [a petitioner] cannot secure . . . relief by pointing to conflicting evidence that might support—but not compel—a different conclusion."). The lack of nexus to a protected ground is dispositive of asylum and withholding of removal, *see Quituizaca*, 52 F.4th at 109–14, and Gomez-Palchazaca does not press a CAT claim here, *see Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court